WILLIE RYAN v. THE STATE.

No. 12714. Delivered January 15, 1930.
Reported in 23 S. W. (2d) 375.

The opinion states the case.

*P. R. Rowe* of Livingston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, five years in the penitentiary.

The actors in this tragedy were all negroes. Appellant was in a room dancing and was informed that deceased was importuning his wife to go with him to the town of Goodrich, to which at the time appellant paid no attention. It was nighttime. In a few minutes he went out on the porch and there discovered deceased with his arm about the person of his wife. He first struck deceased with a bottle, whereupon deceased ran away and as he ran, appellant shot and killed him.

The only defense offered by appellant was the insulting conduct of deceased toward his wife, in mitigation of the penalty. The State disputed the insulting conduct above detailed and offered proof, the effect of which was to show that the insulting conduct testified to by appellant and his witnesses did not occur. With this issue as to whether same in fact happened, the appellant offered to prove by his wife that about a week prior to the killing she met deceased at the residence of one Kate Garrett and on that occasion deceased wanted to have sexual intercourse with her and proposed same to her. This fact had never been communicated to appellant prior to the homicide and was for this reason excluded by the Court upon objection by the State.

A sharp issue was made as to the existence of the above insulting conduct alleged to have happened at the dance and which appellant claims was the sole cause of the killing. Under such circumstances previous conduct of a similar nature is admissible as tending to corroborate and render probably true the existence of the conduct in dispute, which appears above. Hill v. State, 106 S. W. 145; Fossett v. State, 41 Tex. Crim. Rep. 405; McAnear v. State, 43 Tex. Crim. Rep. 521; Davis v. State, 70 Tex. Crim. Rep. 37; Walker v. State, 70 Tex. Crim. Rep. 84; Bereal v. State, 88 Tex. Crim. Rep. 138. Of course insulting conduct must be shown to have been known to appellant before he could defend upon such a fact but when as in this case it is so shown and the question of its truth is made an issue by the State, there can be no doubt that appellant is entitled to produce any testimony that tends to corroborate and render probable the truth of his defense. Bearing some analogy to the question is the rule which permits proof under certain conditions of uncommunicated threats to corroborate those which were shown to be communicated. Underhill's Criminal Evidence (3rd Ed.), Sec. 506; Menefee v. State, 50 Tex. Crim. Rep. 249. Many other authorities could be cited in support of this rule, but the above is deemed sufficient.

We do not regard the record as raising anything for review as to the sufficiency of the Court's charge. Appellant's exceptions to same were too general, and the special charges asked by him were plainly on the weight of the evidence. We do not deem it necessary to discuss any of these. Nor will we be drawn into a discussion of the question of the trial court's right to try this case, which is attempted to be raised by a purported showing that he wrongfully held over after his term expired, and that there existed an election contest between him and his duly elected successor. We are not the forum to which such matters are appealable, and decline to pass on a question which so far as this case is concerned we regard as purely academic.

For the error in refusing to admit the above testimony in evidence, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.